ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2006 AUG 18 AM 11: 04
CLERK _L. Felders_
SO. DIST. OF GA.

| | |
|---|---|
| HORST F. SCHIRMER, MIJAIL R. HURTADO, DAVID I. DICKINSON, ALEXANDER DETROY, CURTIS FIRTH, JAIME B. MARTINEZ, RAINER KUNERT, OLIVER THOMAS, and JAMES RANKIN,<br><br>Petitioners,<br><br>v.<br><br>MICHAEL PUGH, Warden,<br><br>Respondent. | <br><br><br><br><br><br><br><br><br>CV 306-069 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioners, federal inmates incarcerated at the McRae Correctional Facility in McRae, Georgia, brought the captioned case pursuant to 28 U.S.C. § 2241 contesting the execution of their sentences of confinement. Petitioners, relying upon White v. Scibana, 314 F. Supp.2d 834, 838 (W.D. Wis. 2004), argue that the Federal Bureau of Prisons ("BOP") has improperly calculated their good conduct time ("GCT") pursuant to 18 U.S.C. § 3624(b), thereby depriving them of the possibility to earn a maximum of fifty-four (54) days of GCT for each of the years they have been sentenced to serve. Without addressing the propriety of allowing several prisoners to join in a single § 2241 petition, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED** and that this civil action be **CLOSED**.

I. **BACKGROUND**

The basis for Petitioners' § 2241 petition is the contention that § 3624(b)(1) requires that GCT be calculated based on the time an inmate has been sentenced to serve rather than--

as the BOP calculates GCT--based on the time actually served.

Under 18 U.S.C. § 3624, a federal prisoner can receive credit for "satisfactory behavior" as follows:

> **(b) Credit toward service of sentence for satisfactory behavior.--**
>
> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1). The BOP has promulgated a regulation concerning the proper method for calculating GCT time under this statute which states, "[p]ursuant to 18 U.S.C. § 3624(b). . . . an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served." 28 C.F.R. § 523.20.

## II.   ANALYSIS

Petitioners' argument lacks merit. First, the district court decision from Wisconsin upon which Petitioners base their argument has been overturned and is no longer good law. See White v. Scibana, 390 F.3d 997, 1002-03 (7th Cir. 2004), *cert. denied*, White v. Hobart, __ U.S. __, 125 S. Ct. 2921 (2005). More importantly, the Eleventh Circuit has recently decided that although the statutory language of § 3624(b)(1) is ambiguous, "the BOP's interpretation of the statute that a federal prisoner should get good time credit of 54 days for each year he actually serves in prison is reasonable and therefore is due to be affirmed."[1] Brown v. McFadden, 416

---

[1] Of note, the Eleventh Circuit also decided that the rule of lenity is inapplicable because the BOP's interpretation is reasonable. Brown, 416 F.3d at 1273.

2

F.3d 1271, 1273 (11th Cir. 2005) (*per curiam*). In reaching its decision, the Eleventh Circuit followed the decisions of five other circuits that reached the same conclusion. Id. (citing Perez-Olivio v. Chavez, 394 F.3d 45, 53 (1st Cir. 2005); O'Donald v. Johns, 402 F.3d 172, 174 (3d Cir. 2005) (*per curiam*); Yi v. Federal Bureau of Prisons, 412 F.3d 526, 534 (4th Cir. 2005); White, 390 F.3d at 1002-03; Pacheco-Camacho v. Hood, 272 F.3d 1266, 1271 (9th Cir. 2001)). Indeed, Petitioners' argument has been universally rejected by the courts of appeal. See Wright v. Federal Bureau of Prisons, 451 F.3d 1231, 1236 (10th Cir. 2006); Bernitt v. Martinez, 432 F.3d 868, 869 (8th Cir. 2005); Moreland v. Federal Bureau of Prisons, 431 F.3d 180, 186 (5th Cir. 2005); Sash v. Zenk, 428 F.3d 132, 138 (2d Cir. 2005); Petty v. Stine, 424 F.3d 509, 510 (6th Cir. 2005).

Accordingly, Petitioners are clearly not entitled to the relief they seek in the form of the recalculation of their GCT. As "it appears from the application that the applicant[s] or person[s] detained [are] not entitled" to relief, 28 U.S.C. § 2243, the Court now makes its recommendation to deny the petition without first directing the Government to respond.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of August, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

3