FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 OCT -2  PM 4: 59

CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| HORST SCHIRMER et al., ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | Case No. CV 306-69 |
| ) | |
| MICHAEL PUGH, ) | |
| ) | |
| Respondent. ) | |

# ORDER

Petitioners, federal inmates incarcerated at McRae Correctional Facility, bring this pro se petition pursuant to 28 U.S.C. §2241.[1] Petitioners challenge the Bureau of Prison's calculation of good conduct time under 18 U.S.C. § 3624(b),[2] and they argue that the good conduct time credit should be computed on the basis of the sentence imposed, rather than on actual time served. Petitioners' case is now before this Court for initial screening under Rule 4 of the Rules Governing Habeas Corpus proceedings. The Magistrate Judge

---

[1] Prisoners seeking habeas relief, including relief pursuant to 28 U.S.C. § 2241, are subject to administrative exhaustion requirements. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004). Petitioner Schirmer showed he exhausted his administrative remedies by attaching copies of his informal grievance, formal grievance, and appeal. The other Petitioners did not demonstrate that they had exhausted their administrative remedies. However, because the Eleventh Circuit decision of Brown v. McFadden, 416 F. 3d 1271, 1273 (11th Cir. 2005) forecloses Petitioners' argument on the merits, this Court will dismiss Petitioners' claim on its merits, rather than for failure to exhaust administrative remedy.

[2] The good conduct time statute states that each federal prisoner "may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term." 18 U.S.C. § 3624(b)(1).

recommends that the instant petition be dismissed for failure to state a claim upon which relief may be granted. After a careful, de novo review of the file, this Court concurs with the Magistrate Judge's Report and Recommendation, to which an objection has been filed.

Under Rule 4 of the Rules Governing Habeas Corpus proceedings, a judge must dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief." Rule 4, Rules Governing Habeas Corpus; See also 28 U.S.C. § 2243 (stating that a court should promptly order respondent to "show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto").

In the current case, Petitioners seek fifty-four (54) days of good credit time for each year they are sentenced. The Bureau of Prisons, however, currently calculates good conduct time on the basis of time actually served. Although Petitioners claim that the Bureau of Prisons has miscalculated good conduct time, this issue was recently decided by the Eleventh Circuit in Brown v. McFadden, 416 F.3d 1271, 1273 (11th Cir. 2005). In Brown, the Eleventh Circuit held that "even though the statute is ambiguous, the BOP's [Bureau of Prisons's] interpretation of the statute that a federal prisoner should get good time credit of 54 days for each year he actually serves in prison is reasonable." Id. The court then affirmed the BOP's interpretation and calculation of good conduct time. Because the Eleventh Circuit has previously decided that the BOP's calculation of good conduct time is reasonable, this Court finds that Petitioners cannot show that they are entitled to relief.

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's case is **DISMISSED** for failure to state a claim upon which relief may be granted. The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED.**

Dated: ~~September~~ October 2, 2006

JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE